UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  2:25-cv-04110-SB-MAA                    Date:  June 27, 2025

Title:   Ivan Rueda v. Bryan Birkholz

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Cindy Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**          **Order to Show Cause re: Apparent Defect in Petition**

On April 29, 2025, Petitioner Ivan Rueda, a federal inmate currently incarcerated at FCI Lompoc II, signed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"), which was received by this Court on May 5, 2025 ("Petition").  (Pet., ECF No. 1.)  The Court screened and dismissed the Petition with leave to amend on May 19, 2025 ("Screening Order").  (ECF No. 6.)  Petitioner filed a First Amended Petition ("FAP") on June 10, 2025.  (FAP, ECF No. 7.)

Though the FAP corrects the problem identified in the Screening Order, the FAP suffers from an additional defect that must be resolved before Petitioner may proceed with this action.  The Court therefore **ORDERS** Petitioner to respond to the following issue by no later than **July 28, 2025**.

### Lack of Habeas Jurisdiction

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See also* Habeas Rule 1(b) (applying the Habeas Rules to habeas actions brought pursuant to Section 2241).

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(1), (3).  In general, habeas proceedings provide a forum in which to challenge the "legality or duration" of a prisoner's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:25-cv-04110-SB-MAA                          Date:  June 27, 2025

Title:   Ivan Rueda v. Bryan Birkholz

confinement.  *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ."); *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991) (concluding that challenges to "the manner in which [a] sentence was executed," or to "the fact or duration of . . . confinement," are properly brought in habeas petitions pursuant to Section 2241).  A habeas corpus petition brought pursuant to Section 2241 is the proper vehicle for a federal inmate's challenge to the manner, location, or conditions of a sentence's execution.  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  To the extent a federal inmate challenges his conditions of confinement, or to the extent the inmate seeks damages or injunctive relief for civil rights violations, the inmate's claims are properly brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*").  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Tucker*, 925 F.2d at 332; *see also Pinson v. Carvajal*, 69 F.4th 1059, 1073 (9th Cir. 2023) (affirming district court's dismissal of Section 2241 habeas corpus petition for lack of jurisdiction because the petition's claim that incarceration during the COVID-19 pandemic violated the Eighth Amendment challenged the conditions of confinement, not the fact or duration of confinement).

Alternatively, an inmate seeking assistance devices or accommodations necessitated by a disability might assert claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.  As one court has stated:

> The Ninth Circuit has found that the "denial of mobility-assistance devices to persons unable to physically function without them, the denial of hearing devices to deaf [inmates], and the denial of accessibility devices, such as tapping canes, to blind [inmates]" may violate Title II [of the ADA] where the deprivations force disabled prisoners "into the vulnerable position of being dependent on other inmates to enable them to obtain basic services, such as meals, mail, showers, and toilets." *Armstrong v. Brown*, 732 F.3d 955, 960 (9th Cir. 2013); *see also Bogovich v. Sandoval*, 189 F.3d 999, 1002 (9th Cir. 1999) ("Ordinarily, state prisoners' ADA claims relate to issues such as the denial of access to prison facilities, denial of satisfactory medical attention, denial of sign language interpretation services, or denial of the opportunity to participate in educational, vocational, or rehabilitation programs.").

*Rilurcasa v. California*, No.: 1:20-cv-01568-NONE-SAB (PC), 2021 WL 4751206, at *6 (E.D. Cal. Oct. 12, 2021) (first two alterations in original), *report and recommendation adopted,* 2022 WL 2303939 (E.D. Cal. June 27, 2022).  Regardless of the type of relief requested, however, "a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:25-cv-04110-SB-MAA                               Date:  June 27, 2025

Title:    Ivan Rueda v. Bryan Birkholz

prisoner's claim is at 'the core of habeas corpus' if it (1) 'goes directly to the constitutionality of [the] physical confinement itself' and (2) 'seeks either immediate release from that confinement or the shortening of its duration.'" *Pinson*, 69 F.4th at 1069 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Thus, Section "2241 relief lies only for 'challenges to the actual execution of the sentence itself, rather than ancillary harms resulting from the conditions of confinement.'" *Acosta v. Doerer*, No. 5:24-cv-01630-SPG-SSC, 2025 WL 725245, at *3 (C.D. Cal. Feb. 6, 2025) (quoting *Pinson*, 69 F.4th at 1068–69), *report and recommendation adopted,* 2025 WL 722686 (C.D. Cal. Mar. 6, 2025).

          In this case, Petitioner appears to challenge either his conditions of confinement or the failure of the Bureau of Prisons ("BOP") to provide accommodations.  The FAP raises two grounds for relief, both premised on the fact that Petitioner is blind, and that he is allegedly not receiving the assistance he needs at the BOP facility where he is currently housed: (1) BOP's "refusal to assign an inmate companion to assist in the mobility around the facility"; and (2) BOP's "refusal to transfer Mr. Rueda to a facility that has an inmate companion program."  (FAP 3.[1])  In his "Amended Memorandum in Support of 28 U.S.C. § 2241," Petitioner states that he "has specifically requested to be provided an inmate companion to assist him in his daily mobility around F.C.I. Lompoc facility because he is blind."  (ECF No. 8 at 1.)  He further states that he "has continued to injure himself from bumping into sharp concrete and iron corners of walls, lockers, tables, and other fixtures that are either bolted or welded to the walls and floors around the facility."  (*Id.* at 1–2.)  He describes this failure as "medical indifference" and requests that the BOP "accom[m]odate his needs."  (*Id.* at 2.)  As relief, Petitioner "prays that the court grants him relief of either ordering the Bureau of Prisons to assign to him an inmate companion or transferring him to a facility that can do so."  (*Id.*)  Petitioner does not challenge either his conviction or his sentence, does not seek immediate release from confinement or request that the duration of his confinement be shortened, and does not challenge the constitutionality of the fact that he is confined.  (*See generally id.*; FAP.)  Rather, his challenge is to the conditions in which he is confined.  Thus, his claim does not appear to have been properly brought in a habeas action.  *Acosta*, 2025 WL 725245, at *4 (dismissing habeas claim that "would not necessarily demonstrate the invalidity of the confinement or its duration, and thus, legally require Petitioner's release from custody").

///

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the cited documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  2:25-cv-04110-SB-MAA                    Date:  June 27, 2025

Title:   Ivan Rueda v. Bryan Birkholz

The Court generally has discretion to construe a habeas petition as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *superseded by statute on other grounds as stated in Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  However, it is not clear that such recharacterization would be appropriate in this case.

*First*, Petitioner has not authorized the $350 filing fee for a civil rights case to be deducted from his prison trust account pursuant to 28 U.S.C. § 1915(b).  The Court cannot presume that Petitioner would continue to pursue this action if he knew he ultimately would be obliged to pay the $350 filing fee regardless of the outcome of his case.

*Second*, the Court would be obligated to screen the converted Petition under 28 U.S.C. § 1915A to determine whether the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the converted Petition ultimately were to be dismissed on the basis that it is frivolous, malicious, or fails to state a claim, that dismissal would count as a "strike" against Petitioner with respect to 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" may not bring an action or appeal without prepayment of the full filing fee "unless the prisoner is under imminent danger of serious physical injury."

*Third*, it is not in the interest of judicial economy to convert the Petition to a federal civil rights complaint because the case would require additional court resources to deal with the issues created by the different filing fees, the absence of information called for by the civil rights complaint form utilized in this district, and the potential service issues relative to individuals whose conduct may be in issue.

Accordingly, it appears that summary dismissal is appropriate.  However, out of consideration for Petitioner's *pro se* status, the Court will permit Petitioner an opportunity to respond before issuing a recommendation that the Petition be summarily dismissed.

The Court **ORDERS** Petitioner to respond in writing by no later than **July 28, 2025**. Petitioner's response may take any of the following forms: (1) an Amended Petition raising claims that challenge Petitioner's conviction and sentence; (2) a memorandum explaining why the Court has jurisdiction over the Petition; or (3) a request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a) and file an amended civil rights complaint in Petitioner's Civil Rights Action stating Petitioner's claims.  The Clerk is **directed** to attach the following forms, which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:25-cv-04110-SB-MAA                          Date:  June 27, 2025

Title:    Ivan Rueda v. Bryan Birkholz

Petitioner must use if he chooses to exercise the third option: (1) Form CV-66 (Civil Rights Complaint); and (2) Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)).

**Petitioner is cautioned that failure to respond to this Order by July 28, 2025 may result in a recommendation that the Petition be summarily dismissed, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

\* \* \*

This Order is non-dispositive.  However, if Petitioner believes this order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within twenty (20) days after the date of the Order.  *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); Fed. R. Civ. P. 72.

It is so ordered.

Attachments
Form CV-66 (Civil Rights Complaint)
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))